Case 1:21-cv-00165   Document 5   Filed on 11/01/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN MANUEL BRICKEY, Plaintiff | § § § | |
| v. | § § | Civil Action No. 1:21-cv-165 |
| MARTIN CUELLAR, SHERIFF, ET AL., Defendants | § § § § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of the pro se civil rights complaint (hereinafter, "Complaint") filed by Plaintiff Juan Manuel Brickey, an inmate who states that he is in the custody of the Webb County Jail in Laredo, Texas. Dkt. No. 1.[1] Plaintiff has also filed an in forma pauperis application (hereinafter, "IFP Application"). Dkt. No. 2. For the reasons provided below, it is recommended that the Court:

1. **DENY** Plaintiff's IFP Application;

2. **DISMISS** his Complaint pursuant to 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1), and § 1915(g);

3. **DESIGNATE** the dismissal as a "strike" for purposes of 28 U.S.C. § 1915(g);

4. **INSTRUCT** the Clerk of Court to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov, along with notice of Plaintiff's aliases and additional strikes under those aliases;

---

[1] As discussed below, Plaintiff is a serial filer of frivolous lawsuits. He has filed lawsuits under various aliases including: Manuel Brickey, Brickey Juan Manuel, Brickey J. Manuel, Brickey J. Manuel, *Sr.*, Juan Manuel Brickey, and Manuel Juan Brickey.

5. **ISSUE** a preclusion order instructing the Clerk of Court not to docket any future complaints from Plaintiff in this Division without prior authorization from the Court;

6. **WARN** Plaintiff that if he attempts to file any frivolous, malicious, or meritless lawsuits in the future, he may be subject to sanctions; and

7. **NOTIFY** Plaintiff that, because he has accumulated more than three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal, if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819- 820 (5th Cir. 1997) (discussing and applying 28 U.S.C. § 1915(g) to § 1983 claims).

## I. Discussion

Plaintiff's Complaint is subject to screening pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915(e)(2) and § 1915A. The Prison Litigation Reform Act ("PLRA")[2] states that a court shall dismiss the complaint of any prisoner complaining about violations of federal law, if the compliant is frivolous or malicious, or if the complaint "fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Section 1915 of Title 28 also provides for the early screening and dismissal of frivolous prisoner lawsuits. First, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[2] Pub.L. No. 104–134, 110 Stat. 1321 (1996).

>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Second, § 1915(e)(2)(B) provides that, regardless of whether a prisoner has paid any portion of a filing fee, a court shall dismiss the prisoner's case at any time if it finds that the case:

>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Finally, § 1915(g) prohibits prisoners from proceeding in forma pauperis if they have had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The Fifth Circuit refers to this rule as the "three-strikes" provision. *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

In *Manuel Brickey v. Mrs. Clark, Et Al.*, United States District Judge Sim Lake dismissed a pro se prisoner civil rights complaint filed by Plaintiff in the Houston Division of the United States District Court for the Southern District of Texas. *See Manuel Brickey v. Mrs. Clark, Et Al.*, Case No. 4-18-00221, Dkt. No. 4 at 4. Judge Lake denied Plaintiff's application to proceed in forma pauperis and directed the Clerk of Court to report the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. *Id.* Judge Lake noted that Plaintiff had used at least one other name to file frivolous lawsuits in the past and that the court had been able "to attribute all of these cases to Plaintiff by matching his current and former prisoner

identification numbers with court records." *Id*. at p. 1, and p. 2 at note 1.  In support of his Order of Dismissal, Judge Lake stated:

> A national case index reflects that, while incarcerated, Plaintiff has filed at least three other civil actions in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  *See Manuel v. Jones-Manuel*, Civil No. H-17-3616; (S.D. Tex. Jan. 26, 2016)(frivolous); *Manuel v. Johnson & Johnson*, Civil No. H-15-353[7] (S.D. Tex. Jan. 4, 2016)(failure to state a claim); and *Manuel v. Hernandez*, Civil No. H-15-3099 (S.D. Tex. Oct. 26, 2015) (failure to state a claim).  Because Plaintiff has three strikes against him, he may not proceed as a pauper unless he fits within the statutory exception found in § 1915(g).
>
> To fit within the exception to the three-strikes rule, a Prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  In this instance . . . he does not allege facts showing that he is in imminent danger of serious physical injury.  Because Plaintiff has not alleged facts showing that he fits within the exception to the three-strikes rule, the court concludes that he is not entitled to proceed without prepayment of the filing fee pursuant to § 1915(g).

*Id*. at 2-3 (footnote omitted).

Like his complaint before Judge Lake, Plaintiff's Complaint in this case does not state or show that he is in imminent danger of serious physical injury now, or at the time he filed his Complaint.  *See generally* Dkt. No. 1 at 1-3.  Instead, Plaintiff complains that: (1) the jail commissary prices are too high; (2) he has not been able to receive his mail; (3) he has not been allowed a change of clothes for 20 days; (4) it took his custodians an hour to respond to him after he had a minor stroke; (5) he is not receiving his medication because it is being distributed twice a day, rather than three times a day like it directs on the bottle; and, (6) he has been denied access to the courts.  *Id*.  Plaintiff does not provide any other material facts to support these claims.[3]  Thus, even Plaintiff's claim about his

---

[3] Plaintiff does provide some documentation of commissary prices and charges. *See* Dkt. No. 2 at 3-5.  Nevertheless, his claim challenging Defendants' commissary prices is frivolous and fails to state a claim. *See Welsh v. Lamb Cty.*, No. 5:20-CV-00024-H, 2021 WL 4350595, at *11–12

stroke and mediation fail to satisfy § 1915(g) because: (1) he states that he was taken to a hospital for his stroke and thereafter regained his "speech and ability to walk;" and (2) he does not allege any facts indicating that custodian's distribution of medication twice a day, rather than three times a day, has placed him in imminent danger of serious physical injury.[4]

Because Plaintiff now has more than "three strikes against him,"[5] he may not proceed in forma pauperis and Complaint is subject to dismissal.  28 U.S.C. § 1915(g) (prohibiting prisoners from proceeding in forma pauperis if they have had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim). Furthermore, because Plaintiff's claims about the Jail's commissary prices are frivolous, and because he does not provide any other material facts in support his other claims, his Complaint also fails to state a claim under 42 U.S.C. § 1983.  Under 42 U.S.C. § 1983, a plaintiff possesses a federal cause of action if they have suffered a deprivation, under color of law, of their rights, privileges, or immunities secured by the Constitution and laws of the United States.  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, then, the plaintiff must allege facts showing that: (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Bass v. Parkwood Hosp.*, 180 F.3d

---

(N.D. Tex. Sept. 24, 2021) (collecting cases and noting that prisoner complaints challenging high prices for commissary items, mail supplies, and phone calls do not independently state a constitutional violation and are properly dismissed as frivolous) ; *McGarrah v. Williams*, No. 3:14-CV-1119-M-BN, 2014 WL 4696015, at *2 (N.D. Tex. Sept. 18, 2014) (same).

[4] Plaintiff does not, for instance, specify whether the medication prescribed by his doctor is for a condition capable of causing him serious physical injury.  Likewise, although he indicates that his custodians do not *distribute* his medication according to the frequency prescribed, he does not clearly state that he is receiving less than his daily dosage overall.

[5] *See Manuel Brickey v. Mrs. Clark, Et Al.*, Case No. 4-18-00221, Dkt. No. 4 at 2-3.

234, 241 (5th Cir. 1999); *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980). Plaintiff's claims are either facially frivolous, conclusory, or both. Thus, Plaintiff has: (1) failed to allege facts stating a violation of any right actionable under 42 U.S.C. § 1983; and (2) failed to allege facts showing that he has suffered such a deprivation under color of state law.

In conclusion, Plaintiff's Complaint is subject to dismissal pursuant to 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1), and § 1915(g). Furthermore, it should be noted that the Court has found other decisions dismissing civil rights complaints filed by Plaintiff on the grounds of frivolousness or lack of merit which are not mentioned in Judge Lake's Order of Dismissal. *See, e.g., Manuel Juan Brickey v. Harris County District Attorney*, Civil Action No. H-17-3688, Dkt. No. 6 (dismissing Plaintiff's civil right complaint as frivolous and directing the Clerk of Court to provide notice of the dismissal to the Manager of the Three Strikes List); *Brickey Juan Manuel v. Major Cochran*, Civil Action No. 4:16-cv-02601, Dkt. No. 4 (same); *Brickey J. Manuel v. P.A. Mr. Monk*, Et Al., 4:15cv3426, Docket Entry 81, (S.D. Tex. Aug. 9, 2016) (same). These cases reveal that Plaintiff has filed suit under prisoner numbers 02026549, 00984521, and 15211, using various aliases. *See id*; *see also* Dkt. No. 1 at 1. Even though Plaintiff has received at least seven strikes under § 1915(g), only one of Plaintiff's strikes is reported on the Three Strikes List. *See* http://sanction.txed.circ5.dcn/?q=content/manuel-brickey-juan (last visited November 1, 2021) ( referencing *Manuel Juan Brickey v. Harris County District Attorney*, Civil Action No. H-17-3688, Dkt. No. 6). It is, therefore, recommended that the Clerk of Court be instructed to notify the Manager of the Three Strikes List of Plaintiff's other strikes and aliases.

## II. Recommendation

For the foregoing reasons, it is recommended that the Court:

1. **DENY** Plaintiff's IFP Application;

2. **DISMISS** his Complaint pursuant to 42 U.S.C. § 1997e(c)(1), and 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1), and § 1915(g);

3. **DESIGNATE** the dismissal as a "strike" for purposes of 28 U.S.C. § 1915(g);

4. **INSTRUCT** the Clerk of Court to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov, along with notice of Plaintiff's aliases and additional strikes under those aliases;

5. **ISSUE** a preclusion order instructing the Clerk of Court not to docket any future complaints from Plaintiff in this Division without prior authorization from the Court;

6. **WARN** Plaintiff that if he attempts to file any frivolous, malicious, or meritless lawsuits in the future, he may be subject to sanctions; and

7. **NOTIFY** Plaintiff that, because he has accumulated more than three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal, if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819- 820 (5th Cir. 1997) (discussing and applying 28 U.S.C. § 1915(g) to § 1983 claims).

## III. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** this **1st** day of **November, 2021**, at Brownsville, Texas.

_____
**Ignacio Torteya, III
United States Magistrate Judge**